**\*\*FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER\*\***

**Electronically Filed
Supreme Court
SCWC-22-0000402
12-AUG-2026
10:00 AM
Dkt. 33 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

_____

TYLER RALSTON,
Petitioner/Appellant-Appellant,

vs.

BOARD OF LAND AND NATURAL RESOURCES
and RESORTTRUST HAWAII, LLC,
Respondents/Appellees-Appellees.

_____

SCWC-22-0000402

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-22-0000402; CASE NO. 1CCV-21-0001528)

August 12, 2026

DEVENS, C.J., McKENNA, EDDINS, AND GINOZA, JJ., AND
CIRCUIT JUDGE CASTAGNETTI, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY McKENNA, J.

## I.    Introduction

In Ralston v. Bd. of Land & Nat. Res., 158 Hawai'i 170, 589 P.3d 974 (2026), we vacated an Intermediate Court of Appeals' ("ICA") order denying Tyler Ralston's ("Ralston") request for an award of attorney fees against Resorttrust Hawaii, LLC ("RTH")

pursuant to the private attorney general ("PAG") doctrine.  The ICA correctly held that the State of Hawai'i Board of Land and Natural Resources ("BLNR") and the Circuit Court of the First Circuit ("circuit court") had erred by rejecting Ralston's request for a contested case hearing ("CCH") for RTH's request to extend an annual permit for use of ceded lands fronting the Kahala Hotel.  But the ICA denied Ralston's request for an award of fees from RTH pursuant to the PAG doctrine on the grounds it had yet to be determined what relief Ralston could obtain on remand to the BLNR.

On certiorari, we held that Ralston had satisfied the PAG doctrine.  We ordered a remand to the ICA to determine the reasonableness of Ralston's request for fees incurred and to determine RTH's liability for the fees.

After our opinion was filed, Ralston moved for an award of $9,139.17 in attorney fees against RTH under the PAG doctrine for fees incurred on certiorari.  The request consists of $8,745.62 in attorney fees plus general excise tax ("GET") of 4.5%.

As the certiorari proceeding dealt solely with the ICA's denial of Ralston's PAG fees request against RTH, we hold that RTH is liable to Ralston for all reasonable fees incurred on certiorari.  With respect to the reasonableness of Ralston's fees request before this court, we determine that the hours and

2

rates per hour requested are reasonable.  Based on a negligible calculation error, we award Ralston $9,139.13 in reasonable attorney fees against RTH based on the PAG doctrine for fees incurred for the certiorari proceedings before this court.

As RTH is liable for fees to Ralston based on the PAG doctrine, on remand, the ICA is to determine the amount of reasonable fees for which RTH is liable for fees incurred before the ICA pursuant to Kaleikini v. Yoshioka, 129 Hawaiʻi 454, 471-72, 283 P.3d 252, 269-70 (2013) (holding that when an award of fees against the State is barred by sovereign immunity, it is reasonable to allow PAG fees for work directed at all parties but not for work clearly identifiable as being directed against the State).

## II.  Background

### A.  Background up to May 15, 2026 opinion

In January 2019, BLNR issued RTH, owner and operator of the Kahala Hotel, revocable permit number S-7915 ("RP 7915") to use ceded lands fronting the hotel known as Lot 41.  158 Hawaiʻi at 172, 589 P.3d at 976.  RP 7915 required RTH to pay the State a monthly rent of $1,320.50 to utilize Lot 41 for recreational and maintenance purposes.  Id.  BLNR granted RTH consecutive one-year extensions of RP 7915 in 2020 and 2021.  Id.

The BLNR considered the 2022 renewal of RP 7915 at a November 12, 2021 public meeting.  Id.  There, Ralston requested

a CCH on the permit renewal and opposed the continuation of permit conditions that allowed RTH to pre-set lounge chairs, which Ralston contended "generally sends a message that this land is for hotel guests and not for the public." Id. At a January 14, 2022 public meeting, BLNR denied Ralston's petition for a CCH and approved RP 7915 for the 2022 calendar year. 158 Hawai'i at 173, 589 P.3d at 977.

Ralston appealed to the circuit court, challenging BLNR's denial of a CCH and renewal of RTH's permit without a CCH. Id. The circuit court affirmed BLNR's decisions. Id.

Ralston appealed to the ICA, arguing that the circuit court erred when it affirmed BLNR's decisions to (1) deny his request for a CCH, and (2) renew RP 7915 for the 2022 calendar year. 158 Hawai'i at 174, 589 P.3d at 978. Ralston further argued that the circuit court erred when it found that no CCH was required. Id.

The ICA majority concluded that Ralston has a property interest in a clean and healthful environment protected under Article XI, Section 9 of the Hawai'i Constitution, as defined by Hawai'i Revised Statutes ("HRS") § 171-55 (2011), implicated by RTH's 2022 renewal of RP 7915. Id. It held that Ralston was denied procedural due process and was entitled to participate in a CCH on the renewal of RP 7915. Id.

4

Although the ICA majority concluded that a CCH was required to protect Ralston's property interest, it also stated that his appeal would likely be moot on remand, because the 2022 permit had since expired. Id. Instead of vacating the expired permit, the ICA remanded the case to circuit court "to determine what, if any, relief is available to Ralston in these circumstances." Id.

After prevailing in the ICA, Ralston requested that it approve $24,581.37 in attorney fees and $660.38 in costs against RTH under the PAG doctrine. Id. The ICA granted Ralston's request for costs but denied his request for attorney fees. 158 Hawai'i at 175, 589 P.3d at 979. It denied his request for fees on the grounds he had not met all three prongs of the PAG doctrine because it had yet to be determined what relief he could obtain on remand. 158 Hawai'i at 175-76, 589 P.3d at 979-80.

On certiorari, we published our opinion on May 15, 2026, holding that (1) the PAG doctrine does not require the prevailing party to obtain further relief before recovering PAG attorney fees, and (2) the PAG doctrine was met and Ralston is entitled to attorney fees. 158 Hawai'i 177, 589 P.3d at 981. Accordingly, we reversed the ICA's order denying Ralston's request for attorney fees and remanded the matter to the ICA to determine the reasonableness of Ralston's attorney fees and

5

whether RTH was liable for them.  158 Hawai'i at 181, 589 P.3d at 985.

**B.    Ralston's request for attorney fees on certiorari**

**1.    Ralston's request**

On May 27, 2026, Ralston timely filed a request for attorney fees incurred on certiorari, pursuant to the PAG doctrine.[1]  Ralston seeks a total of $9,139.17 in fees and GET against RTH.  The initial declaration and timesheet from attorney David Kimo Frankel ("Frankel") requests 15.5644 hours for the certiorari application and 1.8963 hours for the request for fees, totaling 17.4607 hours, at a $450.00 per hour billable rate, amounting to a subtotal of $7,857.32,[2] plus GET.  Ralston also requests an additional 1.974 hours for drafting the reply to his request for fees, subtotaling $888.30, plus GET.  Altogether, these requests total $9,139.17.

**2.    RTH's opposition**

RTH opposes the request, arguing that (1) Ralston's request is a personal matter and does not vindicate an important public

---

[1]    Hawai'i Rules of Appellate Procedure ("HRAP") Rule 39(d)(2) (eff. 2016) provides that a request for fees and costs must be filed "no later than 14 days after the time for filing a motion for reconsideration has expired[.]" The time for filing a motion for reconsideration in this case expired on May 25, 2026, ten days after our opinion was published.  See HRAP Rule 40(a) (eff. 2000).  Ralston's request for attorney fees, filed two days after the motion for reconsideration was due, was therefore timely.

[2]    After reviewing Frankel's timesheet, the total hours spent on the certiorari results in 15.5643 hours, and the total amount billed should be $7,857.28.  Thus, the subtotal for this request should be $8,210.86.

policy as required by the PAG doctrine and (2) Ralston has not shown that fees are recoverable from RTH since the underlying lawsuit concerns the denial of a CCH by BLNR, not RTH.

RTH contends that this appeal arises from the State's denial of a CCH, yet Ralston has not sought fees from the State itself. RTH maintains that although it submitted testimony in opposition to Ralston's demand for a CCH, it had no decision-making ability. As the decision on whether to grant a CCH lay exclusively with BLNR, RTH contends it should not be subject to the penalty of paying Ralston's attorney fees.

RTH also contends that PAG fees are not recoverable against it as a private party. It argues that unlike the parties in Unite Here! Local 5 v. PACREP LLC, 156 Hawai'i 338, 343, 574 P.3d 1286, 1291 (2025), and Sierra Club v. Haw. Dep't of Transp., 120 Hawai'i 181, 225, 202 P.3d 1226, 1270 (2009) ("Superferry II"), it neither engaged in deceptive conduct to manipulate BLNR's decision-making nor worked hand-in-hand with BLNR to implement a broader project or policy.

RTH argues that in Unite Here!, this court awarded PAG fees against a private developer when the developer took affirmative steps to deceive the city and its consultants. RTH argues that, in contrast, its opposition to a CCH and defense of BLNR's decision were reasonable and made in the ordinary course of supporting the renewal of RP 7915.

RTH further argues that in <u>Superferry II</u>, PAG fees were awarded because Superferry worked hand-in-hand with the state agency through the planning and implementation of a project to promote Superferry's own business interest. RTH argues that it was not collaborating with BLNR for implementation of a project; it was simply before the BLNR for a routine permit renewal.

RTH also argues that Ralston is not entitled to fees incurred in seeking fees.

### 3. Ralston's reply

In reply, Ralston contends that he should not be required to relitigate the PAG analysis, as this court already determined that his appeal falls within the scope of the PAG doctrine.

With respect to RTH's argument that he should have instead sought attorney fees from BLNR, Ralston points out that sovereign immunity bars recovery of fees from the State absent a waiver and that the State's sovereign immunity does not shield RTH.

Ralston also asserts that this court has approved PAG fee awards against private parties for the State's conduct. Ralston argues that in <u>Superferry II</u>, this court applied the PAG doctrine and required private co-defendants to pay fees even when the underlying dispute was about the state agency's compliance with statutory obligations. Ralston also maintains that <u>Kaleikini</u> supports RTH's liability for attorney fees except

for work that is "clearly identifiable as being directed at" the agency.  129 Hawai'i at 471, 283 P.3d at 269.

Ralston emphasizes RTH's active role in the litigation. RTH filed a thirty-five-page answering brief with the ICA, which was longer than BLNR's brief, and it opposed the writ of certiorari on this motion, while BLNR did not.

Finally, Ralston points out that Pub. Access Trails Hawai'i v. Haleakala Ranch Co., 153 Hawai'i 1, 28, 526 P.3d 526, 553 (2023), allows for "fees on fees" as "entirely consistent with the purpose of vindicating public rights" without which there would be a chilling effect on public interest litigation.

### III. Discussion

### A.    Ralston is entitled to PAG fees from RTH

The "American Rule" provides that each party is normally responsible for paying their own attorney fees.  Attorney fees are chargeable against the opposing party only when so authorized by statute, rule of court, agreement, stipulation, or precedent.  Gurrobat v. HTH Corp., 135 Hawai'i 128, 131, 346 P.3d 197, 200 (2015).

One exception to the American Rule is provided by the PAG doctrine, which "is an equitable rule that allows courts in their discretion to award attorney's fees to plaintiffs who have vindicated important public rights."  Superferry II, 120 Hawai'i at 218, 202 P.3d at 1263 (cleaned up).  The PAG doctrine

9

"remains an essential tool for promoting the vindication of public rights" and "hinges on plaintiffs being able to rely on the doctrine's promise that they will receive reasonable compensation for their efforts on behalf of the public."  Pub. Access Trails Hawai'i, 153 Hawai'i at 4, 526 P.3d at 529.

All three prongs must be satisfied for the doctrine to apply: "(1) the strength or societal importance of the public policy vindicated by the litigation, (2) the necessity for private enforcement and the magnitude of the resultant burden on the plaintiff, [and] (3) the number of people standing to benefit from the decision."  Superferry II, 120 Hawai'i at 218, 202 P.3d at 1263 (cleaned up).

We have already determined that all three prongs of the PAG doctrine have been met:

> (1) Ralston's appeal to the ICA vindicated the due process right to a contested case hearing before BLNR's renewal of a revocable permit to occupy public lands; (2) private enforcement was necessary as Ralston was the sole party to challenge the BLNR's denial of a contested case hearing and renewal of RP 7915; and (3) Ralston's advocacy benefits the public in vindicating procedural rights under HRS § 171-55, a law of general applicability that governs the issuance of permits for the temporary occupancy of state lands.

Ralston, 158 Hawai'i at 179, 589 P.3d at 983 (cleaned up).

Also, the PAG doctrine can apply to private parties that advance their own interest in a subject litigation.  Superferry II, 120 Hawai'i at 225, 202 P.3d at 1270.  In Superferry II, we concluded the PAG doctrine was a proper basis for an award of

10

attorney fees against the private defendant, Superferry, because "[it] worked hand-in-hand with [the agency] throughout the planning and implementation of the Superferry project and throughout this litigation, in promoting its own private business interests."  Id.

Pub. Access Trails Hawai'i also quoted an Arizona Court of Appeals opinion that determined it appropriate to apply the PAG doctrine to private defendants.  153 Hawai'i at 28, 526 P.3d at 553.  The Arizona appellate court held:

> [W]e do not find that the exclusive purpose of the [PAG] doctrine is to impose the cost of vindicating public rights on the public itself. Awarding [attorney's [sic]] fees against private defendants in appropriate cases will promote important public rights to the same extent as awarding fees against governmental defendants.

Pub. Access Trails Hawai'i, 153 Hawai'i at 28, 526 P.3d at 553 (quoting Ariz. Ctr. For Law in the Pub. Interest v. Hassell, 837 P.2d 158, 173 (Ariz. Ct. App. 1991)).

RTH argues that the facts here are distinguishable from Superferry II and that its involvement in the permit process failed to rise to the level of involvement in which liability for attorney fees under the PAG doctrine is appropriate.

We disagree.  RTH actively opposed Ralston at every stage of the proceedings.  Before the BLNR, RTH opposed Ralston's request for a CCH.  At the circuit court, RTH defended BLNR's denial of a CCH and renewal of RTH's permit without a CCH.  Ralston, 158 Hawai'i at 173, 589 P.3d at 977.  Before the ICA,

11

RTH continued to argue against a CCH and then opposed Ralston's request for PAG fees against it, arguing that Ralston failed to satisfy the PAG doctrine, and even if the PAG doctrine applied, it should not be liable for his fees. 158 Hawai'i at 175, 589 P.3d at 979. Before this court, BLNR did not respond to Ralston's certiorari application to overturn the ICA's denial of PAG fees against RTH; only RTH continued to argue that Ralston failed to meet the PAG doctrine. 158 Hawai'i at 176, 589 P.3d at 980.

Thus, RTH actively and affirmatively supported BLNR's denial of Ralston's CCH request through the ICA proceedings and opposed PAG fees in the ICA and on certiorari. RTH's positions promoted its own interests to extend the revocable permit for its use of State lands and to avoid payment of PAG fees.

And, on certiorari, the only issue was whether the ICA erred in denying Ralston's request for PAG fees against RTH.

Hence, we hold that, based on the PAG doctrine, RTH is liable to Ralston for all reasonable fees incurred on certiorari. Further, contrary to RTH's argument, Ralston is also entitled to reasonable fees incurred for seeking fees under the doctrine. Pub. Access Trails Hawai'i, 153 Hawai'i at 22, 526 P.3d at 547.

**B.    The requested attorney fees are reasonable**

It is the prevailing party's burden to prove that fees were reasonably and necessarily incurred.  DFS Grp. L.P. v. Paiea Props., 110 Hawai'i 227, 226, 131 P.3d 500, 510 (2006).  To calculate reasonable attorney fees, this court employs the lodestar method, "in which the number of hours reasonably expended are multiplied by a reasonable hourly rate."  Gurrobat, 135 Hawai'i at 138, 346 P.3d at 207 (citation omitted).

Frankel has been a licensed attorney since 1992 and has handled numerous environmental law and PAG doctrine cases on appeal.  Frankel's $450.00 hourly rate is not challenged by RTH, and is reasonable in any event.  With respect to the reasonableness of the time incurred, the fee request is for 15.5644 hours for drafting the application for writ of certiorari.  However, Frankel's timesheet actually indicates a total of 15.5643 hours for this category, a negligible difference amounting to $0.04.  Frankel's remaining time, including his time for seeking fees, is reasonable.  Also, pursuant to County of Hawai'i v. C & J Coupe Family Ltd. Partnership, 120 Hawai'i 400, 409-10, 208 P.3d 713, 722-23 (2009), GET is awardable; Frankel requests GET at the rate of 4.5%.

We conclude that the 19.4346 hours spent on this certiorari proceeding at $450.00 per hour, totaling $9,139.13, inclusive of GET, is reasonable and is hereby approved.

### V.    Conclusion

For these reasons, Ralston is entitled to reasonable attorney fees from RTH under the PAG doctrine, in the amount of $9,139.13, inclusive of general excise tax.

As RTH is liable for fees to Ralston based on the PAG doctrine, on remand, the ICA is to determine the amount of reasonable fees for which RTH is liable for fees incurred before the ICA pursuant to Kaleikini, 129 Hawaiʻi at 471-72, 283 P.3d at 269-70 (holding that when an award of fees against the State is barred by sovereign immunity, it is reasonable to allow PAG fees for work directed at all parties but not for work clearly identifiable as being directed against the State).

David Kimo Frankel                /s/ Vladimir P. Devens
for petitioner
                                  /s/ Sabrina S. McKenna
William M. Harstad
Puananionaona P. Thoene, and      /s/ Todd W. Eddins
Derek B. Simon
for respondent                    /s/ Lisa M. Ginoza

                                  /s/ Jeannette H. Castagnetti

